IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 25-cv-01640-NYW-SBP

ANDREW PEEPLES, and
MICHELLE PEEPLES, by and through her Power of Attorney, GREGORY HOUSTON,

    Plaintiffs,

v.

DOORDASH, INC., and
AARON MILLARD,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiffs' Motion to Amend Complaint to Add New Defendant Paula Millard ("Motion to Amend" or "Motion"). [Doc. 27, filed August 11, 2025]. The Motion to Amend is opposed by both Defendants: Defendant DoorDash, Inc. ("DoorDash"), [Doc. 32], and Defendant Aaron Millard ("Mr. Millard"), [Doc. 33]. The Court finds that oral argument will not materially assist in the disposition of the Motion to Amend. Upon review of the Parties' briefing, the entire docket, and the applicable case law, this Court respectfully **GRANTS** the Motion to Amend and **REMANDS** this civil action to the Douglas County District Court.

## BACKGROUND

The following facts are drawn from the operative pleadings, [Doc. 6] and [Doc. 9], as well as the proposed Amended Complaint, [Doc. 27-4; Doc. 29],[1] and are taken as

---

[1] It appears that despite the fact that the Court had not ruled on the Motion to Amend, Plaintiffs filed the Amended Complaint separately on the docket. [Doc. 29]. Counsel for

true for the purposes of the instant Motion. *See Brown v. United States*, 384 F. App'x 815, 817 (10th Cir. 2010). On or about August 12, 2023, Mr. Millard was negligently operating his vehicle when he collided with motorcycle operated by Andy Peeples, who died as a result of the collision. [Doc. 6 at ¶¶ 9–17, 20–24]. At the time of the collision, Mr. Millard was completing tasks as a food delivery driver for DoorDash. [*Id.* at ¶¶ 25–26, 51–53].

Plaintiff Andrew Peeples ("Mr. Peeples") is Andy Peeples's father. [*Id.* at ¶¶ 1–2]. He initiated this wrongful death action against DoorDash and Mr. Millard in the District Court of Douglas County, Colorado on January 7, 2025. [*Id*. at 1]. On March 26, 2025, Plaintiff Michelle Peeples ("Ms. Peeples" and collectively with Mr. Peeples, "Plaintiffs")—Andy Peeples's mother, [Doc. 9 at ¶ 2]—filed a Complaint through her power-of-attorney Gregory Houston, in Intervention and Jury Demand, [Doc. 9], alleging nearly identical facts and claims as Mr. Peeples with the addition of one new claim (negligence per se, against DoorDash), *compare* [Doc. 6], *with* [Doc. 9]. Defendants answered both complaints, [Doc. 15; Doc. 16; Doc. 17; Doc. 18], and on May 23, 2025, removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), [Doc. 1].

On August 11, 2025, Plaintiffs jointly filed a Motion to Amend, attaching a proposed Amended Complaint and Jury Demand as well as a redlined version showing all the proposed changes. [Doc. 27; Doc. 27-3; Doc. 27-4].[2] Plaintiffs seek to add Mr. Millard's

---

Plaintiffs are advised that unless otherwise ordered, they must wait until the Court grants the Motion to Amend to file an amended pleading. D.C.COLO.LCivR 15.1(b).

[2] A Scheduling Order was entered in this case on August 19, 2025, after Plaintiffs filed their Motion, that set September 18, 2025 as the deadline for joinder of parties and amendment of pleadings. [Doc. 31 at 10].

mother, Paula Millard ("Ms. Millard"), as a defendant and allege two causes of action against her, negligence under the family car doctrine and negligent entrustment. [Doc. 27-4 at ¶¶ 11, 99–112]. All Parties agree that granting the Motion would divest this Court of jurisdiction, because Ms. Millard is a resident of Colorado, the same state where Plaintiffs reside. *See* [Doc. 27 at ¶ 1; Doc. 27-4 at ¶¶ 6–7, 11; Doc. 32 at 2; Doc. 33 at 1–2]; *see McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) ("To be sure, if a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court." (citing 28 U.S.C. § 1447(c))). Both Defendants oppose the Motion, arguing that the Motion was not made in good faith and that Plaintiffs' proposed new claims are futile. *See* [Doc. 32 at 7, 9; Doc. 33 at 1–3]. Plaintiffs filed replies. [Doc. 36; Doc. 37].

## LEGAL STANDARD

Generally, Federal Rule of Civil Procedure 15(a) governs a motion to amend a complaint which is filed prior to the deadline set by the court. *Fernandez v. Bridgestone/Firestone, Inc.*, 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000). Rule 15(a) provides that a plaintiff may amend a complaint once a matter of course if they do so within 21 days of service of a responsive pleading; in all other circumstances, a plaintiff must obtain the opposing party's consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(1). Leave to amend a complaint should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2) and "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment," *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("The liberal

granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits.").

But, if a case has been removed to federal court and a plaintiff seeks to amend a complaint to add defendants whose joinder would destroy subject matter jurisdiction, as here, 28 U.S.C. § 1447(e) governs. *Parkside At Mountain Shadows Owners Ass'n v. Travelers Cas. & Sur. Co. of Am.*, No. 15-cv-00120-WJM-KMT, 2015 WL 3903020, at *2 (D. Colo. June 24, 2015) ("[A]mendments joining non-diverse parties are subject to 28 U.S.C. § 1447(e) even where the amendment would otherwise be freely allowed by Rule 15(a)."). Under 28 U.S.C. § 1447(e), a plaintiff "does not have an absolute right to join such parties," *McPhail*, 529 F.3d at 951, and "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *Mestas v. Air & Liquid Sys. Corp.*, No. 18-cv-01006-RM-NYW, 2019 WL 1253683, at *2 (D. Colo. Mar. 19, 2019).

This analysis implicates the Federal Rules of Civil Procedure about joinder. Federal Rule of Civil Procedure 19 requires joinder if the proposed new defendants are "indispensable," but if they are not indispensable, "Rule 20(a)(2) permits joinder at the discretion of the district court." *McPhail*, 529 F.3d at 951–52 (citing *State Distrib., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416–17 (10th Cir. 1984)). In the latter case, the court considers the requirements for permissive joinder under Rule 20(a)(2): that any right to relief against the new defendants arises "out of the same transaction, occurrence, or series of transactions or occurrences" as the other defendants and includes "any question of law or face common to all defendants." Fed. R. Civ. P. 20(a)(2); *Houk v. Travelers Home & Marine Ins. Co.*, No. 12-cv-01237-REB-KLM, 2012 WL 5430979, at *3

4

(D. Colo. Sept. 10, 2012), *report and recommendation adopted*, 2012 WL 5430947 (D. Colo. Nov. 7, 2012).

Additionally, in exercising its discretion regarding whether to permit joinder, "the district court typically considers several factors including whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, and whether it was offered in good faith." *McPhail*, 529 F.3d at 951–52 (cleaned up); *Harloff v. Heart Living Ctrs. of Colo., LLC*, No. 20-cv-02479-RM-KMT, 2020 WL 6611014, at *2 (D. Colo. Nov. 12, 2020). "If the district court determines that joinder is appropriate, § 1447(e) requires remand to the state court." *McPhail*, 529 F.3d at 952.

**ANALYSIS**

**I.    28 U.S.C. § 1447(e)**

In determining which of the joinder rules apply, pursuant to § 1447(e), the Court notes that none of the Parties argues that the proposed new defendant, Ms. Millard, is an indispensable party under Rule 19. Therefore, the Court has discretion to permit or deny joinder under Rule 20.

***Rule 20***. As a threshold matter, although none of the Parties address this directly, there does not appear to be a dispute regarding whether the Rule 20(a)(2) factors are present, i.e. that (A) the right to relief asserted against Ms. Millard arises out of the same occurrence as the claims against Defendants and (B) there are questions of law and fact common to Ms. Millard and the Defendants. As to Rule 20(a)(2)(A), Plaintiffs allege the same damages with respect to Ms. Millard as the other Defendants, which all arise out of the August 12, 2023 collision between Mr. Millard and Andy Peeples. *See, e.g.*, [Doc. 27-4 at ¶ 104 (for family car doctrine claim, "Defendant Millard's negligence is imputed to Defendant Paula Millard"); *id.* at ¶ 112 (for negligent entrustment claim, alleging that "[a]s

5

a result [of Ms. Millard's negligence], Plaintiffs suffered damages as previously described"); *id.* at 12–13 (requesting that the Court "enter judgment in [Plaintiffs'] favor and against all Defendants" for the same damages)].

As to Rule 20(a)(2)(B), there are numerous common questions of law and fact, including questions at the heart of the case such as whether Mr. Millard was negligent during the collision and caused damage to Plaintiffs. *See, e.g.*, [*id.* at ¶¶ 29–30, 72–73 (alleging that Mr. Millard "operated his vehicle in a negligent manner that caused the collision," "the death of Mr. Andy Peeples," . . . and "injuries, damages, and losses arising from [Plaintiffs'] son's death"); *Hasegawa v. Day*, 684 P.2d 936, 938 (Colo. App. 1983), *overruled on other grounds by Casebolt v. Cowan*, 829 P.2d 352 (Colo. 1992) (elements of the family car doctrine include that "the son was negligent in operating the vehicle" and "the son's negligence caused damages to the plaintiff").

Finding that the requirements for permissive joinder under Rule 20(a)(2) are met, the Court next considers whether there are any equitable factors weighing against amendment. Defendants argue that the Motion is (1) untimely because "Plaintiffs knew, or at the very least should have known, the facts upon which their proposed amended complaint is based when they filed their original Complaint," [Doc. 32 at 6], and (2) not made in good faith because "the purpose of the amendment appears to be to defeat jurisdiction," [*id.* at 7; Doc. 33 at 1 (arguing that the Motion "represents a transparent attempt at forum shopping")]. Defendants do not argue that they would be unduly prejudiced by the amendment.

**Undue delay**. The primary dispute between the Parties is whether Plaintiffs had all the information that they needed to bring the proposed claims against Ms. Millard at

6

the outset of the case—and therefore were unduly delayed in bringing this Motion—or whether they did not learn that information until they started the discovery process and, specifically, took Mr. Millard's deposition. DoorDash[3] argues that "Plaintiffs had the same information that they allege supports their claims against Paula Millard well before they filed their initial Complaint in state court in January 2025," [Doc. 32 at 7], while Plaintiffs contend that "the deposition of Aaron Millard was necessary in order to have a Rule 11 basis for claims against the mother, Paula Millard," [Doc. 37 at ¶ 10].

DoorDash presents a few arguments: first, Plaintiffs already knew or should have known that Ms. Millard was the owner of the vehicle that Mr. Millard was driving at the time of the collision, because Ms. Millard's name is noted as the "vehicle owner" in the police report. *See* [Doc. 32 at 6 (citing Doc. 27-1 at 5)]. Second, Plaintiffs knew or should have known that Mr. Millard was living with his parents at the time of the collision, because "his address listed in the police report is his parents' address, which can be confirmed by searching Douglas County property records." [*Id.* (citing Doc. 32-1)]. Third, Plaintiffs knew or should have known about Mr. Millard's driving record, because it "was accessible via a public records search at any time." [*Id.*]. DoorDash concludes that "none of the information gleaned from Aaron Millard's deposition provided any new facts to support the amendment." [*Id.*]; *see also* [*id.* at 7 ("There is no reason for waiting until August 2025 to move to amend.")].

The Court respectfully disagrees with DoorDash's conclusion. Even imputing knowledge of the facts DoorDash listed to Plaintiffs from the outset of the case, they are insufficient on their own to state either of a family car doctrine or negligent entrustment

---

[3] Mr. Millard does not make any arguments regarding undue delay.

7

claim against Ms. Millard. As Plaintiffs point out, they did not know before Mr. Millard's deposition whether Ms. Millard "knew about [Mr. Millard's] prior driving history." [Doc. 37 at ¶ 10]. This is not a fact that can be gleaned from the records referenced by DoorDash, and it is necessary for Plaintiffs' negligent entrustment claim. *See* [Doc. 32 at 7–8 (DoorDash acknowledging that, for a negligent entrustment claim, a plaintiff must prove that the defendant knew or had reason to know that the driver would be likely to use the vehicle in a manner involving unreasonable risk or physical harm); [Doc. 27 at ¶¶ 8–11 (Plaintiffs explaining that their negligent entrustment claim is based on facts including that his parents knew about his driving history when they gave him permission to drive their cars)]. Similarly, the records referenced by DoorDash did not have any information regarding whether Ms. Millard "had sufficient control over the vehicle," [Doc. 37 at ¶ 12], and whether Ms. Millard was the head of Mr. Millard's household—two necessary facts for a claim under the family car doctrine, *see* [Doc. 32 at 9 (DoorDash stating that "[t]he elements of a FCD [family car doctrine] claim include: 1. The Defendant was the head of the household; . . . [and] 3. The defendant had control of the use of the vehicle . . . .")]. Indeed, the Motion cites Mr. Millard's testimony in support of these elements of the claims against Ms. Millard. *See* [Doc. 27 at ¶¶ 4–7, 10].

Thus, the Court finds that it was appropriate for Plaintiffs to engage in discovery, including the deposition of Mr. Millard, before deciding to add a defendant and two new claims to the lawsuit.[4] *Cf. Pinto-Rios v. Arapahoe Cnty.*, No. 20-cv-03698-RMR-SKC,

---

[4] DoorDash also comments that Plaintiffs' counsel did not allow Ms. Millard to attend Mr. Millard's deposition to provide emotional support, due to her non-party status. [Doc. 32 at 6 (citing to Doc. 32-3, an email correspondence between counsel where Plaintiffs' counsel considers Mr. Millard's request to have Ms. Millard attend as a "silent observer" and responds, "Since Mr. Millard is around 30 years old, we do not think it would be appropriate or mentally for his mother to be in the room during the deposition. Of course,

8

2023 WL 12131127, at *3 (D. Colo. Mar. 10, 2023) ("On balance, the Court declines to find fault with Plaintiff's counsel for taking seriously the obligations of discovery sufficient facts before adding new claims or defendants in a federal civil rights lawsuit.").

Additionally, the Court finds that Plaintiffs did not wait an unreasonable amount of time before filing the Motion to Amend.  This case was removed on May 23, 2025, [Doc. 1], Plaintiffs took the deposition of Mr. Millard on August 6, 2025, [Doc. 27 at ¶ 4], and Plaintiffs filed the instant Motion on August 11, 2025, [*id.*].  Further, Plaintiffs state that they requested the deposition of Mr. Millard "months" prior to August 6, 2025, and it was rescheduled twice at Mr. Millard and his counsel's request.  [*Id.* at ¶ 4 n.2]; *see also* [Doc. 32-3 at 4 (email correspondence between counsel showing that counsel were negotiating deposition dates for Mr. Millard as of at least May 21, 2025, *before* the case was removed)].  Defendants do not dispute this timeline in their oppositions, which shows that Plaintiffs moved to amend their complaint to add Ms. Millard as a defendant within a week of discovering her potential role in the case.  There is nothing else in the record that suggests that Plaintiffs were dilatory in seeking discovery or moving to amend.

**Bad faith**.  Defendants both contend without any support that Plaintiffs bring this Motion in bad faith, solely for the purpose of destroying diversity jurisdiction and forcing a remand to state court.  DoorDash states repeatedly that the Motion "is not brought in

---

we don't care if she is outside the room in an adjacent room to see him on a break (not we could control that anyway).")].  DoorDash contends that this preclusion was improper because Plaintiffs' counsel "undoubtedly kn[ew] that they were going to attempt to use Aaron Millard's deposition to add Paula Millard as a party to the case." [*Id.*].  Presumably, DoorDash is suggesting that Plaintiffs did not act in good faith or somehow prejudiced DoorDash by precluding Ms. Millard from attending the deposition.  But the relevant inquiry is not whether the preclusion of Ms. Millard from Mr. Millard's deposition was in good faith, but whether the request to amend to add Ms. Millard is made in good faith as discussed in detail below.  And it is difficult to see how *DoorDash* is prejudiced by Ms. Millard's inability to serve as emotional support for its co-Defendant, Mr. Millard.

9

good faith," *e.g.* [Doc. 32 at 2, 7], and that "the purpose of the amendment appears to be to defeat jurisdiction," [*id.* at 7], but does not expand further or cite anything in support. Mr. Millard makes numerous inflammatory remarks about Plaintiffs' alleged "forum shopping," likewise without any supporting evidence. *See, e.g.*, [Doc. 33 at 1 ("Plaintiffs' Motion . . . represents a transparent attempt at forum shopping, and nothing more."); *id.* ("Plaintiffs' Motion purports to manufacture factually void claims . . . against Mr. Millard's mother, Paula Millard, purely for the purpose of divesting this Court of jurisdiction and remanding the action back to Colorado state court."); *id.* at 8 ("The Motion is a Transparent act of Forum Shopping Gamesmanship"); *id.* ("Plaintiffs' effort to manufacture a divestiture of this Court's jurisdiction for purposes of transferring this case back to a venue Plaintiffs perceive to be more favorable should be rejected.")].

Mr. Millard's opposition also appears to read more into the Motion than is there. Mr. Millard states that "[t]o be clear, Plaintiffs' objective of remanding the case to state court is cited as the very first factor Plaintiffs rely on in citing the applicable standard of review." *See* [*id.* at 1–2 (citing [Doc. 27 at 2–3])]. But all that Plaintiffs state in their Motion is simply that granting the Motion will divest the Court of jurisdiction and denying it will keep the case in this Court. *See* [Doc. 27 at ¶ 1]. The Court does not find that this statement is proof of a nefarious purpose on Plaintiffs' behalf in bringing the Motion.

Without any citations to evidence in the record showing that Plaintiffs are bringing this Motion in bad faith, the Court cannot conclude that the purpose of the amendment is to defeat jurisdiction.

**Prejudice**. The conclusion that amendment is proper here "is further bolstered by the lack of any showing of prejudice to Defendants." *Butler v. Burning Man Project*, No.

10

24-cv-02045-SBP, 2025 WL 938508, at *7 (D. Colo. Mar. 28, 2025).  "Prejudice is the 'most important factor in deciding a motion to amend the pleadings,' and '[c]ourts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"  *Id.* (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207–08 (10th Cir. 2006)).  As previously mentioned, Defendants do not argue that they would be prejudiced—let alone unduly—by the amendment.  The Court does not discern any prejudice either, given that the amendment does not change the claims against Defendants and instead is solely geared at adding factual allegations to support new claims against a new defendant, Ms. Millard.

## II.     Futility

In addition to delay and bad faith, both Defendants argue that the Motion should be denied on the grounds of futility because Plaintiffs have failed to state their two new claims against Ms. Millard.  [Doc. 32 at 7–10; Doc. 33 at 5–8].  District courts are not required to grant leave to amend if amendment would be futile, that is, if the amended complaint "would be subject to dismissal."  *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008); *see also Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim."); *Godfrey v. United States*, No. 07-cv-02165-MSK-MEH, 2008 WL 80302, at *1 (D. Colo. Jan 7, 2008) ("Amendment is futile only if Plaintiff can prove no set of facts in support of his amendment that would entitle him to relief.").

But where a complaint is not "patently futile on its face," courts in this district are disinclined to deny a motion to amend on futility grounds.  *See, e.g.*, *Combs v. Nordstrom,*

11

*Inc.*, No. 22-cv-00150-RMR-NRN, 2022 WL 2865985, at *4 (D. Colo. July 21, 2022) (collecting cases), *report and recommendation adopted*, 2022 WL 17534122 (D. Colo. Aug 17, 2022); *Electro-Mechanical Prods, Inc. v. Alan Lupton Assocs.*, No. 22-cv-00763-PAB-SBP, 2023 WL 5152627, at *3 (D. Colo. July 10, 2023) ("Denying a motion to amend based on futility is uncommon in this District and usually involves claims that are facially unsupported in the proposed amendment."); *Szucs v. Allstate Vehicle & Prop. Ins. Co.*, No. 22-cv-02868-RMR-MEH, 2023 WL 3717979, at *3 (D. Colo. May 30, 2023), *report and recommendation adopted*, 2023 WL 9232946 (D. Colo. Oct. 12, 2023); *Swanson v. N. Light Specialty Ins. Co.*, No. 20-cv-03778-RMR-NRN, 2021 WL 8944735, at *4 (D. Colo. Oct. 28, 2021); *Fluker v. Fed. Bureau of Prisons*, No. 07-cv-02426-CMA-CBS, 2009 WL 1065986, at *5 (D. Colo. Apr. 21, 2009).

Defendants here do not point to any obvious facial defects in the proposed amendment—no preclusion issues, expired statutes of limitations, or a clear failure to allege all the required elements of the proposed claims. Instead, Defendants' arguments "delve into the specifics of the pleading and call upon the court to conduct a detailed examination of Plaintiff[s'] allegations and to make a particularized plausibility determination." *Butler*, 2025 WL 938508, at *6; *see* [Doc. 32 at 7–10 (DoorDash arguing, admittedly without any authority directly on point, that the factual allegations are insufficient for one of the elements of the negligent entrustment claim; and citing no case law for argument regarding the futility of the family car doctrine claim); Doc. 33 at 5–8 (Mr. Millard's futility argument regarding the negligent entrustment claim consisting of conclusory statements with no analysis or case law; and argument on the family car doctrine claim involving analogizing this case to another case that has some

distinguishing facts, such as that the driver there had her own separate residence at the time of the collision, *see Halsted v. Peterson*, 797 P.2d 801, 804 (Colo. App. 1990), *rev'd on other grounds*, 829 P.2d 373 (Colo. 1992))]. Such "underdeveloped merits arguments are more appropriately address on a motion to dismiss or motion for summary judgment." *Butler*, 2025 WL 938508, at *6.

Additionally, the Court agrees with other courts in this district that find that "[i]t is fairer to allow Plaintiffs have the opportunity to fully brief the viability of [their] claim[s] against [the new defendant] in the context of responding to a formal motion to dismiss, rather than addressing this dispositive question in the context of a [reply to a] motion to amend." *Combs*, 2022 WL 2865985, at *4; *see also Murphy Creek Ests., LLC v. Murphy Creek Ests. Funding, LLC*, No. 22-cv-00304-DDD-NRN, 2022 WL 18674574, at *2 (D. Colo. Sept. 29, 2022).

For these reasons, the court respectfully rejects Defendants' arguments that the amendment should be denied on futility grounds.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiffs' Motion to Amend Complaint to Add New Defendant Paula Millard [Doc. 27] is **GRANTED**;

(2) Plaintiffs' Amended Complaint and Jury Demand [Doc. 29] is **DEEMED** the operative pleading;

(3) Pursuant to 28 U.S.C. § 1447(c), due to this Court's lack of subject-matter jurisdiction, this case is **REMANDED** to the Douglas County District Court, State of Colorado, where it was originally brought as Civil Action No. 2025CV30025; and

(4) The Clerk of Court shall **TERMINATE** this case.

DATED:  December 24, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge